# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TONYA MARIE SPECK,**

      **Plaintiff,**

                            **Case No. 2:24-cv-3973**

     **v.**                          **Judge Edmund A. Sargus, Jr.**

                                    **Magistrate Judge Elizabeth P. Deavers**

**STATE OF OHIO, *et al.*,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant State of Ohio's Motion to Dismiss Plaintiff Tonya Marie Speck's Complaint (ECF No. 8), Defendant Ethan Pfleiderer's Motion to Set Aside Default (ECF No. 19), Plaintiff Tonya Marie Speck's Motion to Note and Enter Default Against Defendants (ECF No. 10) and Ms. Speck's Motion for Default Judgment (ECF No. 16).

For the reasons stated below, the State of Ohio's Motion to Dismiss is **GRANTED**. Mr. Pfleiderer's Motion to Set Aside Default is **GRANTED**. Ms. Speck's Motion to Note and Enter Default is **DENIED**, and her Motion for Default Judgment is **DENIED**. Ms. Speck's claims against the State of Ohio and Mr. Pfleiderer are **DISMISSED** because this Court lacks subject matter jurisdiction.

## BACKGROUND

Ms. Speck, proceeding *pro se*, filed a Complaint in this Court against Defendants the State of Ohio and Ethan Pfleiderer. (ECF No. 1.) She alleges that in two cases, the Morrow County, Ohio Court of Common Pleas wrongly granted summary judgment in favor of Mr. Pfleiderer and awarded him property. (*Id.* ¶¶ 11–24.) Ms. Speck alleges that the State of Ohio failed to prevent

the judgments in favor of Mr. Pfleiderer and that Mr. Pfleiderer improperly benefitted from those judgments. (*Id.* ¶¶ 25–27.)

## I. State Court Litigation

In July 2020, Ms. Speck brought an action in the Morrow County Court of Common Pleas regarding the Estate of Ruhl Edward Rogers (the "Estate"). *In re: Estate of Rogers*, No. 2020 ES 19057 (Morrow Cnty. Ct. Com. Pl. July 10, 2020). The Parties in this case agree that, pursuant to an order in that Morrow County Court case, Ms. Speck is a duly appointed and authorized Administrator of the Estate. (ECF No. 1, ¶ 8; ECF No. 19, PageID 112; *see* ECF No. 8, PageID 68.)

In 2023, Defendant Ethan Pfleiderer brought a civil action in the Morrow County Court of Common Pleas against Ms. Speck in her capacity as Administrator of the Estate. *Pfleiderer v. Speck*, No. 2023 PC 0005 (Morrow Cnty. Ct. Com. Pl. May 24, 2023). He alleged that the Estate previously owned a property located at 5061 County Road 29, Galion, Ohio (the "Property") and that on March 3, 2021, Mr. Pfleiderer and Ms. Speck (acting in her role as Administrator) agreed in writing for Mr. Pfleiderer to purchase the Property. (ECF No. 19-1, PageID 120.) Ms. Speck, who was not represented by counsel in the 2023 case, made several filings challenging the property sale contract on behalf of other parties, including the Estate. (*See* ECF No. 19-2, PageID 139; ECF No. 19-3, PageID 141.)

The Morrow County Court ordered Ms. Speck to obtain counsel to avoid the unauthorized practice of law on behalf of others (including the Estate). (ECF No. 19-2, PageID 139–40.) The Morrow County Court warned her that if she failed to obtain counsel, "all pleadings and other documents filed in this matter" in her capacity as Administrator "shall be stricken from the record and dismissed without prejudice." (*Id.*) Several weeks later, the Morrow County Court found that

Ms. Speck did not comply with that order, struck her improper filings, and gave her the opportunity to refile amended documentation on behalf of herself only. (ECF No. 19-3, PageID 141–43.) Mr. Pfleiderer moved for summary judgment in May 2024. (ECF No. 19-4, PageID 144.) The Court granted his motion in September 2024, finding no genuine issue of material fact. (ECF No. 19-4, PageID 144–45.)

Ms. Speck appealed the trial court's order granting summary judgment to Mr. Pfleiderer to the Ohio Court of Appeals, arguing in part that the trial court should not have struck her pleadings on behalf of the Estate. *Pfleiderer v. Speck*, Case No. 2024CA00008, 2025 WL 1433712, at *1 (5th Dist. Ohio Ct. App. May 7, 2025). The Ohio Court of Appeals affirmed the trial court's judgment, including its order striking Ms. Speck's filings and its order granting summary judgment to Mr. Pfleiderer. *Id.* at *2.

After the Morrow County Court granted summary judgment against her, Ms. Speck brought another case in the same court against Mr. Pfleiderer. *Speck v. Pfleiderer*, No. 2024 CV 0116 (Morrow Cnty. Ct. Com. Pl. Sept. 12, 2024). The Morrow Court Court granted a motion by Mr. Pfleiderer for judgment on the pleadings and granted a motion to strike Ms. Speck's filings on behalf of the Estate because she is not a licensed attorney. *Speck v. Pfleiderer*, No. 2024 CV 0116 (Morrow Cnty. Ct. Com. Pl. Oct. 1, 2024).

Ms. Speck and Mr. Pfleiderer both filed numerous documents from their Morrow County Court cases in this proceeding, and this Court takes judicial notice of those filings and proceedings. (ECF Nos. 1, PageID 14–40; 19-1; 19-2; 19-3; 19-4); *see Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (In considering a motion to dismiss, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *see also Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) ("In

addition to the allegations in the complaint, [courts] may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." (quotation omitted)).

## II.   Federal Litigation

On September 24, 2024, Ms. Speck, "as Principal Trustee for the Estate and Living Trust of Ruhl E. Rogers, and on her own behalf," filed a Complaint in this Court against the State of Ohio and Mr. Pfleiderer. (ECF No. 1, PageID 1). She filed this case shortly after losing at summary judgment in the first Morrow County Court case and filing the second case in that court.

Ms. Speck alleges that she is the "legal owner and trustee" of the Property that was subject to litigation in the Morrow County Court. (*Id.* ¶¶ 8, 11). She further alleges that Mr. Pfleiderer illegally obtained the Property by directing his attorney and Ms. Speck's attorney to pressure Ms. Speck into signing the real estate contract and that she signed the contract under duress. (*Id.* ¶¶ 3, 35.) Ms. Speck also alleges that the state courts did not rule in her favor because the state courts were biased against her. (*Id.* ¶ 17.) Additionally, she claims that "the State of Ohio, through its judicial system, has not only failed to protect [her] rights but also permitted Defendant Pfleiderer to pursue his fraudulent claims." (*Id.* ¶ 25.)

Against Mr. Pfleiderer, Ms. Speck claims a violation of Ohio's statute of frauds, Ohio Revised Code § 1335.04, fraud and duress, and unjust enrichment. (*Id.* ¶¶ 31–40.) Against the State of Ohio, Ms. Speck claims a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and "Complicity Through Inaction." (*Id.* ¶¶ 28–30, 41–44.) Under the latter claim, Ms. Speck alleges that the State of Ohio "denied Plaintiff the equal protection of the laws guaranteed by the Fourteenth Amendment," so the Court construes her Complant as raising an Equal Protection Clause claim. (*Id.* ¶ 43.)

The State of Ohio moved to dismiss Ms. Speck's claims against it under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction and that it is immune to suit under the Eleventh Amendment to the United States Constitution. (ECF No. 8, PageID 59.) It also moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*) Ms. Speck filed a response in opposition to the State of Ohio's motion. (ECF No. 9.) The State of Ohio filed a reply. (ECF No. 12.)

Ms. Speck filed a Motion to Note and Enter Default Against Defendants and Motion for Hearing on Default. (ECF No. 10.) The next day, on November 5, 2024, the Clerk entered default against Mr. Pfleiderer under Rule 55(a) of the Federal Rules of Civil Procedure for failure to defend. (ECF No. 11.) Ms. Speck then moved for default judgment against Mr. Pfleiderer. (ECF No. 16.) Counsel for Mr. Pfleiderer entered an appearance on June 12, 2025, and Mr. Pfleiderer filed a Motion to Set Aside Default on June 16, 2025. (ECF Nos. 17, 19.) Ms. Speck filed an Objection and Memo in Opposition to Mr. Pfleiderer's Motion. (ECF No. 20.)

## LEGAL STANDARD

### I.  Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A court may dismiss an action under Rule 12(b)(1) when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for a lack of subject matter jurisdiction

falls into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When a defendant challenges a complaint on its face under this rule, as do the Defendants here, the defendant challenges "the sufficiency of the pleading itself." *Id.* "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

Further, "a district court may, at any time, . . . dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, dismissal may be appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.*

## II.  *Pro Se* Litigants

Courts liberally construe pleadings by *pro se* litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

## ANALYSIS

The Court begins with the State of Ohio's motion to dismiss for lack of subject matter

6

jurisdiction. The Court then addresses Mr. Pfleiderer's motion to set aside the Clerk's entry of default.

## I.    The State of Ohio's Motion to Dismiss

Because the State of Ohio's challenge to the Court's subject matter jurisdiction based on prior state court litigation depends only on facts in the Complaint and in the public record, the State raises a facial challenge. Accordingly, the Court accepts as true the facts plead in the Complaint and considers whether the claims must be dismissed for lack of subject matter jurisdiction.

### A.    *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine stems from 28 U.S.C. § 1257, Congress's exclusive grant of jurisdiction to the U.S. Supreme Court to review appeals from state supreme courts. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); 28 U.S.C. § 1257 (providing for U.S. Supreme Court jurisdiction over "judgments or decrees rendered by the highest court of a State in which a decision could be had."). In *Feldman*, the Supreme Court held that United States District Courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of [state court] judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in [the U.S. Supreme Court]." *Feldman*, 460 U.S. at 486 (citing 28 U.S.C. § 1257); *see Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) ("[The Rooker-Feldman Doctrine] stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court." (quotation omitted)). Under the *Rooker-Feldman* Doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the

losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994).

Courts in the Sixth Circuit "determine whether *Rooker-Feldman* bars a claim by looking to the 'source of the injury the plaintiff alleges in the federal complaint.'" *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Id.* The doctrine applies only where the plaintiff raises "a specific grievance that the law was invalidly or unconstitutionally applied in the plaintiff's particular case" as opposed to a general constitutional challenge to the state law applied in the state action. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002).

Here, the fundamental source of Ms. Speck's claimed injury is the state court judgment issued by the Morrow County Court in Mr. Pfleiderer's case against the Estate. That state court case turned entirely on the enforceability and validity of the contract to purchase the Estate's Property. The state court granted summary judgment to Mr. Pfleiderer upon his motion and upon Ms. Speck's failure to properly obtain counsel to act on behalf of the Estate. She had the opportunity to litigate the issues, was warned that failure to retain an attorney for the Estate would lead the court to strike her filings, and was given an opportunity to file claims pro se on behalf of herself only. (*See* ECF Nos. 19-2, 19-3.) After she failed to obtain counsel for the Estate and to file a proper response to Mr. Pfleiderer's motion for summary judgment, the state court granted the motion on the merits, finding no genuine issue of material fact regarding the enforceability of the property contract at issue. (*See* ECF No. 19-4.)

In this lawsuit, Ms. Speck alleges that "the State of Ohio, through its judicial system, allowed a circumvention of the protections provided by the Statute of Frauds by granting summary

judgment in favor of Defendant Pfleiderer without proper adjudication and without addressing material facts that show [Mr. Pfleiderer] has no legal basis for his claims to the property at issue." (ECF No. 1, ¶ 2.) She accuses Mr. Pfleiderer of "attempting to misuse the judicial system to build a legal case around his failure to have a proper and timely written contract or agreement" to purchase the Property. (*Id.* ¶ 4.) Furthermore, she claims "the State of Ohio, despite possessing the power to stop Defendant's improper use of the judicial system, failed to intervene, allowing the fraudulent activities to proceed, and thus becoming complicit in these violations." (*Id.* ¶ 5.)

In text and in essence, Ms. Speck sues the State of Ohio for allowing the Morrow County Court to enter judgment against her. The source of her injury is the state court's judgment itself, not the underlying property dispute or the laws that guided the Morrow County Court to its resolution. She claims the State of Ohio permitted the Morrow County Court to misapply the relevant laws at her expense and to the benefit of Mr. Pfleiderer. Such arguments constitute an appeal of the state court's judgment.

Ms. Speck started off on the right appellate path: she pursued and lost an appeal in the Ohio Court of Appeals. *Pfleiderer*, 2025 WL 1433712, at *1. From there, her proper appellate route to federal court was through the Ohio Supreme Court and then to the U.S. Supreme Court. Instead, she declined that route and jumped tracks to federal district court, which is barred under *Rooker-Feldman*.

To be sure, the *Rooker-Feldman* doctrine covers a "narrow ground." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It is not meant to allow federal district courts to quickly dispose of claims that merely overlap with issues raised in related state court litigation. *See VanderKodde*, 951 F.3d at 408–09 (Sutton, J., concurring). But Ms. Speck's claims do not merely overlap with the Morrow County Court's rulings; rather, her Complaint "complain[s] of an

9

injury caused by the state-court judgment and seek[s] review and rejection of that judgment." *Exxon Mobil*, 544 U.S. at 291. In other words, she has "repaired to federal court to undo the [Morrow County Court] judgment in [her] favor"—textbook *Rooker-Feldman*. *Exxon Mobil*, 544 U.S. at 293.

Accordingly, this Court does not have subject matter jurisdiction over Ms. Speck's claims against the State of Ohio. Therefore, the Court **GRANTS** the State of Ohio's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Eleventh Amendment Immunity

Even if the *Rooker-Feldman* did not apply to the claims against the State of Ohio, the State argues the claims should be dismissed because it is immune from suit under the Eleventh Amendment. (ECF No. 8, PageID 63–64.) A motion to dismiss based on Eleventh Amendment sovereign immunity is properly raised under Rule 12(b)(1) and can be made as a facial or factual attack. *See Ball by Burba v. Kasich*, 244 F. Supp. 3d 662, 671 (S.D. Ohio 2017). Again, the State of Ohio does not contest the relevant facts in the Complaint and raises a facial attack. Ms. Speck has the burden of proving jurisdiction. *Id.*

Generally, states are immune from certain lawsuits under the Eleventh Amendment to the United States Constitution, which reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has held that this language forbids private lawsuits by citizens against their own state. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

There are three exceptions to Eleventh Amendment immunity: where (1) the State has

consented to suit; (2) Congress has abrogated the State's immunity; or (3) the suit is for prospective relief against a state official in his or her official capacity under *Ex parte Young*, 209 U.S. 123 (1908). *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 863 (6th Cir. 2024). Ms. Speck argues that the *Ex parte Young* exception applies and does not raise the other exceptions. (*See* ECF No. 9, PageID 71–72.)

The *Ex parte Young* exception to the State of Ohio's sovereign immunity does not apply here for a simple reason: Ms. Speck sues the State of Ohio directly, not an officer of the state, and *Ex parte Young* does not apply to claims directly against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (noting the distinction between claims raised against state officials and those raised against the state itself). Additionally, Congress did not abrogate states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, presumably the statute under which Ms. Speck brings her federal constitutional claims. *See Will*, 491 U.S. at 65 (holding that states' sovereign immunity is not abrogated under 42 U.S.C. § 1983). Binding case law forecloses Ms. Speck's constitutional claims against the State of Ohio.

For this independent reason, the Court **GRANTS** the State of Ohio's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

Because the Court lacks subject matter jurisdiction over Ms. Speck's claims against the State of Ohio, both on *Rooker-Feldman* and immunity grounds, the Court need not address the State of Ohio's Motion to Dismiss for failure to state a claim under Rule 12(b)(6). The Court **DISMISSES** Ms. Speck's claims against the State of Ohio.

## II. Claims and Default Against Mr. Pfleiderer

Mr. Pfleiderer obtained multiple state court judgments in his favor but failed to answer or respond to Ms. Speck's Complaint against him in this Court. The docket reflects service on Ethan

Pfleiderer by certified mail on October 1, 2024. (ECF No. 6.) Accordingly, the Clerk entered default against him. (ECF No. 11.) Ethan Pfleiderer's brother, Adam (who did not live with Ethan) signed for the mailing at Ethan's residence. (ECF No. 19, PageID 114–15.) Ethan claims he never received the summons and complaint and was not aware of the case against him. (*Id.*)

Ms. Speck now moves for default judgment, and Mr. Pfleiderer, now participating in the case and represented by counsel, moves the Court to excuse and set aside the entry of default. The Court finds good cause to set aside the entry of default.

A court may set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure for "good cause shown." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (distinguishing between motions to set aside a default under Rule 55(c) and motions for relief from a default judgment under Rule 60); Fed. R. Civ. P. 55(c). To determine whether good cause is shown to set aside an entry of default under Rule 55(c), the Court considers "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault*, 663 F.3d at 838–39 (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir.1983)).

The Court finds that the default was not willful. Although Mr. Pfleiderer's brother seemingly accepted service at Mr. Pfleiderer's residence, the record does not support that Mr. Pfleiderer attempted to avoid this lawsuit by not responding to or answering Ms. Speck's Complaint.

Additionally, there is no risk of prejudice to Ms. Speck in granting relief to Mr. Pfleiderer because her claims are foreclosed by a lack of this Court's jurisdiction over her claims. Mr. Pfleiderer successfully obtained judgments against Ms. Speck in state court, and Ms. Speck's lawsuit in this Court directly challenges those judgments. For example, under her statute of frauds

12

claim against Mr. Pfleiderer, she alleges that he does not have an enforceable property agreement, "yet the Morrow County courts have allowed his claims to proceed, in violation of this statute." (ECF No. 1, ¶ 32.) Furthermore, under her unjust enrichment claim, Ms. Speck alleges that "[b]y allowing the courts to render a judgment in Defendant's favor without a valid contract, Defendant has been unjustly enriched at Plaintiff's expense." (*Id.* ¶ 40.)

Again, the *Rooker-Feldman* doctrine forecloses this Court's consideration of Ms. Speck's claims against Mr. Pfleiderer because she seeks to overturn state court judgments outside of the valid appeal process. Her claims against Mr. Pfleiderer for a violation of the statute of frauds, fraud and duress, and unjust enrichment all directly stem from the judgment of the Morrow County Court of Common Pleas against her and in favor of Mr. Pfleiderer. Ms. Speck does not challenge any laws that served as the basis of those judgments; she challenges the judgments themselves and the state court's wisdom and biases in doing so. Accordingly, this Court lacks subject matter jurisdiction over Ms. Speck's claims against Mr. Pfleiderer.

Because this Court lacks subject matter jurisdiction over Ms. Speck's claims, and for other reasons stated above, Mr. Pfleiderer has shown good cause for relief from the entry of default. The Court **GRANTS** his Motion to Set Aside Default. The Court **DENIES** Ms. Speck's Motion for Default Judgment and her Motion to Note and Enter Default Against Defendants. The Court **DISMISSES** Ms. Speck's claims against Mr. Pfleiderer for a lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **GRANTS** the State of Ohio's Motion to Dismiss. (ECF No. 8.) The Court **GRANTS** Mr. Pfleiderer's Motion to Set Aside Default. (ECF No. 19.) The Court **DENIES** Ms. Speck's Motion to Note and Enter Default Against Defendants and Motion for Hearing on Default (ECF No. 10) and **DENIES** Ms. Speck's Motion

13

for Default Judgment (ECF No. 16). Ms. Speck's claims against the State of Ohio and Mr. Pfleiderer are **DISMISSED** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

<u>7/17/2025</u>                                          <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**